[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff brings this action in five counts, alleging medical malpractice. The first count is on behalf of the infant Sean for injuries sustained at birth. The second count is by the parents, PPA for medical expenses necessitated by such birth injuries. The fourth count is by the mother Brenda alleging injury to herself resulting from the complications of this birth. The fifth count claims loss of marital consortium by Brenda's husband.
The third count is placed in issue by this motion to strike. It reiterates the first count concerning injuries to the child. It thereafter alleges that "as a result of the carelessness and negligence of the defendants, the plaintiff Brenda Stenglein witnessed various attempts to deliver her child, and she experienced emotional harm as a consequence of the delay in delivering her son with the attendant attempts at delivery."
The defendant moves to strike this third count on the basis that "Specifically, Connecticut does not recognize a cause of action for third party emotional distress in a medical malpractice action." The defendants base their argument on the fact that the Connecticut Supreme Court, in Maloney v. Conroy,208 Conn. 392 (1988), at P 39-3 determined that "We hold that a bystander to medical may not recover for emotional distress . . ."
The defendant's argument fails for several reasons. First, the plaintiff does not claim that the mother is a "bystander" at the birth of her child. The mother at birth is not a bystander. She is a participant. To conclude otherwise is to reject the entirety of human experience. See Manville v. Williams, 1998 W.L. 182407, (April 9, 1998).
Second, the complaint properly pleads direct physical injury to the mother arising out of the alleged medical malpractice. To the extent that the mother's emotional distress may be the result of a concern for the well-being of the child who is being birthed, there has been a recognition of such a cause of action where the plaintiff herself has been the recipient of specific injury.
"If, however, there was impact some courts have been willing to allow damages due in part to fear for another." Clohessy v.Bachelor, 237 Conn. 31, 38 (1996). CT Page 5747
The appeals courts in this state have not determined whether the proposition set forth in Maloney v. Conroy, supra, will be extended to include the mother — child relationship at and during birth. It is, however, clear that the mother is not a bystander at the birth, and hence the ruling of Maloney v. Conroy, is not here appropriate.
For the reasons set forth herein, the motion to strike the third count is denied.
L. Paul Sullivan, J.